# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES DEAN EAKER, ) <br> ) <br> Plaintiff, pro se, ) <br> v. ) <br> ) <br> OVERTURF, et al., ) <br> ) <br> Defendants. ) | **MEMORANDUM, ORDER,** <br> **AND RECOMMENDATION** <br> 1:07CV608 |

This matter is before the court on Plaintiff's motion for default judgment as to Defendant Pressley (docket no. 37), Plaintiff's motion for default judgment as to Defendant Hall (docket nos. 42 and 53), a motion to set aside entry of default by Defendant Hall (docket no. 48), a motion to set aside entry of default by Defendant Pressley (docket no. 50), and a motion for a protective order by Defendants Overturf, Pressley, Smith, and Bennett (docket no. 33). The parties have responded to the respective motions, and in this posture the matter is ripe for disposition. Since the parties have not consented to the jurisdiction of the magistrate judge, all dispositive motions must be dealt with by way of recommendation.[1] For the reasons discussed herein, it will be recommended that the court grant the motions of Defendants Pressley and Hall to set aside the entries of default against them, and deny the motions of Plaintiff to enter default judgment against Defendants Pressley and Hall.

---

[1] A motion for default judgment is generally treated as a dispositive motion that must be dealt with by way of recommendation. *See Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999). It is not as clear whether a Rule 55(c) motion to set aside entry of default is a dispositive motion. In any event, both of these types of motions will be dealt with by way of recommendation.

Moreover, the motion for a protective order by Defendants Overturf, Pressley, Smith, and Bennett will be granted.

**FACTS**

Pro se Plaintiff James Dean Eaker, a state prisoner in the Lanesboro Correctional Institution ("Lanesboro") in Polkton, North Carolina, brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendant prison officials deprived him of his constitutional rights when one of the Defendants sprayed him with tear gas. The pro se complaint was filed on August 14, 2007. Plaintiff named as Defendants Jessica Overturf, Correctional Officer/Counselor at Lanesboro; Jimmy Hatley, Correctional Officer; Jackie Pressley, former Sergeant at Lanesboro; Edward Hall, former Sergeant at Alexander Correctional Institution; David Lowe, Correctional Officer at Lanesboro; Lewis Smith, former Assistant Superintendent at Lanesboro; David Haywood, former Unit Manager at Lanesboro; and Boyd Bennett, Director of Prisons.

In the complaint, Plaintiff alleges that on August 15, 2004, Defendant Hall ordered Defendant Pressley to spray Plaintiff with a canister of tear gas while Plaintiff "stood calmly at [the door to his cell] and did nothing to provoke Defendants, nor attempt to harm Defendants or himself or anyone else in a verbal or physical manner of any type."[2] (Compl. p. 8.) Plaintiff alleges that Defendant Pressley knew

---

[2] In their Answer, Defendants admit that Plaintiff was sprayed with pepper spray (rather than "tear gas" as Plaintiff alleges), but they dispute Plaintiff's contention that he did nothing to provoke Defendants. Defendants contend in the Answer that Plaintiff was acting

or should have known that his actions were excessive, as the use of tear gas is designed to be dispensed for crowd control only, and not on a "single, [non]aggressive, [non]threatening, nonviolent subject." (*Id.* p. 9.) Plaintiff alleges that Defendant Pressley's "actions showed wanton and reckless disregard for Plaintiff, and [Pressley's] actions were instigated with sadistic and malicious intent to cause Plaintiff harm" and that Pressley "acted without provocation with deliberate indifference to" Plaintiff's safety. (*Id.*) Plaintiff further alleges that after Defendant Pressley sprayed Plaintiff with the tear gas, Plaintiff was then placed in full restraints for four hours in his cell, without being allowed to take a shower or change clothes to remove the tear gas, causing Plaintiff to "suffer in excruciating pain for an extended and prolonged amount of time, and Defendant Hall refused to notify medical that Plaintiff had been maced and needed medical attention." (*Id.* p. 10.) Plaintiff alleges that Defendants Pressley's and Hall's treatment of Plaintiff "amounts to cruel and unusual punishment, as well as deliberate indifference under the Eighth Amendment." (*Id.*) Plaintiff alleges that the remaining Defendants are liable as well, on the grounds that they either observed Hall's and Pressley's actions and did nothing to stop Pressley and Hall, or that the other Defendants were supervisors who failed to properly train Defendants Pressley or Hall. Plaintiff seeks injunctive relief, as well as compensatory and punitive damages.

---

in a disruptive manner and that Plaintiff's behavior continued despite being warned to stop. Defendants further allege that Plaintiff refused to follow orders and that pepper spray was administered. (*See* Answer, Statement of Claim, ¶ 9, docket no. 15.)

**DISCUSSION**

I. Plaintiff's Motions for Default Judgment Against Defendants Pressley and Hall and Defendants' Corresponding Motions to Set Aside the Clerk's Entry of Default

Plaintiff has already obtained an entry of default by the Clerk of Court as to Defendants Hall and Pressley. Plaintiff now moves for a default judgment against these two Defendants. In turn, Defendants Hall and Pressley have filed motions to set aside the entries of default against them.

Rule 55(c) of the Federal Rules of Civil Procedure provides that the court may set aside an entry of default for good cause shown. FED. R. CIV. P. 55(c). The Fourth Circuit has held that Rule 55 should be liberally construed, and all doubts about whether relief should be granted should be resolved in favor of setting aside the default so the case may be heard on the merits. *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). The factors used to determine if "good cause" warrants setting aside an entry of default are whether: (1) the defendant has a meritorious defense to the complaint's allegations; (2) the defendant acted with reasonable promptness to set aside the entry of default; (3) the defendant has a history of dilatory action; (4) the defendant–not his attorney–was responsible for the default; (5) the plaintiff was prejudiced by the defendant's delay; and (6) less drastic sanctions are available. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

First, Defendant Hall concedes that he did not file a timely Answer to Plaintiff's complaint. (*See* docket no. 48.) The record shows that Plaintiff effected service on Defendant Hall on December 13, 2007, and that Defendant Hall failed to submit a timely Answer. Defendant Hall maintains, however, that the entry of default should be set aside for good cause. Hall contends that the entry of default should be set aside because (1) he has raised meritorious defenses in the Answer that he has attached to his motion to set aside the entry of default; (2) Plaintiff will not be prejudiced by setting aside the entry of default because Defendant Hall has promptly filed the motion to set aside the entry of default; and (3) defense counsel Lisa Y. Harper did not learn that service had been successfully executed on Defendant Hall on December 13, 2007, until the entry of default was made against Hall on March 28, 2008.

In response, Plaintiff contends that counsel should have known of Defendant Hall's failure to file a responsive pleading as early as February 19, 2008, when Plaintiff filed the motion for entry of default as to Defendants Pressley and Hall. Plaintiff notes that defense counsel Harper received the certificate of service for this motion. Indeed, the docket report reflects that a certificate of service, addressed to counsel Harper, accompanied the motion for entry of default filed on February 19, 2008. (*See* docket no. 31.) Plaintiff contends that the motion to set aside the entry of default should therefore be denied and that default judgment should be entered against Defendant Hall.

I find that Defendant Hall has shown good cause for why the entry of default should be set aside as to him. First, it appears that Defendant Hall raises the potentially meritorious defense of qualified immunity in the Answer attached to Hall's motion to set aside the entry of default.[3] I further find that there is no indication of a history of dilatory action by Defendant Hall in this litigation. Moreover, although there is some dispute over when defense counsel Harper first learned that Defendant Hall had been timely served, the fact is that counsel promptly filed the motion to set aside on the same day that default was entered against Defendant Hall. Finally, I agree with Defendant Hall that Plaintiff will not be prejudiced if the entry of default is set aside, as the litigation is in its early stages and the parties have not yet engaged in discovery. For these reasons, it will be recommended that the court grant the motion by Defendant Hall to set aside the entry of default as to him and deny Plaintiff's motion for a default judgment against Defendant Hall.

Next, Defendant Pressley contends that the Clerk improperly entered default against him because, contrary to Plaintiff's assertions, Defendant Pressley timely joined in the Answer filed by Defendants Overturf, Pressley, Smith, and Bennett on November 9, 2007. I agree. The record clearly shows that Defendant Pressley

---

[3] Hall further argues that Plaintiff fails to state a claim for excessive force because Plaintiff has failed to allege sufficient facts entitling him to damages for physical or emotional injury, as no physical injury is sufficiently pled. Hall also notes as a defense the unavailability of respondeat superior liability under 42 U.S.C. § 1983.

-6-

joined in the Answer filed on November 9, 2007.[4] Because the Answer was filed in a timely manner, default should not have been entered against Defendant Pressley. It will be recommended that the court grant the motion by Pressley to set aside the entry of default against him, and deny Plaintiff's motion for a default judgment against Defendant Pressley.

Defendants' Motion for Protective Order

Plaintiff has served on Defendants numerous discovery requests, including "Plaintiff's First Set of Interrogatories to Defendants"; "Plaintiff's First Request for Admissions"; "Plaintiff's First Set of Interrogatories to Defendant S. Pressley"; "Plaintiff's First Set of Interrogatories to Defendant Jessica Overturf"; "Plaintiff's First Set of Interrogatories to Defendant Edward Hall"; and "Plaintiff's First Request for Production of Documents." (*See* Memo. Supp. Defs. Mot. Protective Order, Exs. A-F, docket no. 34.) Defendants contend that they should not be required to engage in discovery until after they have had an opportunity to address their defense of

---

[4] The docket report shows that after service was executed on Jackie S. Pressley, Plaintiff then requested that the court allow him to serve summons on an "S. Pressley." Presumably, Plaintiff believed that Jackie Pressley was not the Defendant who sprayed Plaintiff with pepper spray but that another individual named "S. Pressley" was the person who sprayed Defendant with pepper spray. (*See* docket no. 16.) Defendants note, however, that the Division of Prisons' ("DOP") personnel records do not show that an individual named "S. Pressley" is employed or has been employed with DOP. (*See* Motion to Set Aside Default, ¶ 5, docket no. 50.). Defendants note that the DOP records show that "Edward S. Pressley" is an inactive correctional officer, and that Defendant "Jackie S. Pressley" is an active employee and sergeant at Lanesboro. Defendants further note that record and information in this action indicate that the Pressley named as a Defendant in the complaint can only be "Jackie S. Pressley." (*See* Motion to Set Aside Default, ¶ 5, docket no. 50.).

qualified immunity. I agree. It is well settled that where defendants have raised the defense of qualified immunity, they are entitled to reasonable protection from a plaintiff's discovery requests until the court has addressed the immunity issues. *See Lescs v. Martinsburg Police Dep't*, 138 Fed. Appx. 562, 564 (4th Cir. 2005) (unpublished) (observing that the district court was required to rule on the defendants' dispositive motion to dismiss or for summary judgment raising sovereign immunity and qualified immunity issues before allowing any discovery); *see also McKee v. Keyzer*, No. 5:06-CT-3069-FL, 2007 WL 2592941, at *8 (E.D.N.C. Sept. 5, 2007) ("Because defendants' answer raises the defense of qualified immunity, they are entitled to resolution of the issue prior to being subject to the burdens of litigation, including discovery."). Moreover, under Rule 26(c) of the Federal Rules of Civil Procedure, the court may, upon a showing of good cause, issue an order "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." FED. R. CIV. P. 26(c)(1)(A). Rule 26(d) also authorizes the court to control by order the sequence and timing of discovery. Thus, for good cause shown, Defendants' motion for a protective order is granted.

## **CONCLUSION**

For the reasons stated above, it is **RECOMMENDED** that the court **GRANT** the motions of Defendants Pressley and Hall to set aside the entries of default against them (docket nos. 50 and 48), and it is further **RECOMMENDED** that the

-8-

court **DENY** the motions of Plaintiff to enter default judgment against Defendants Pressley and Hall (docket nos. 37, 42, and 53). Moreover, the motion for a protective order by Defendants Overturf, Pressley, Smith, and Bennett (docket no. 33) is **GRANTED**. Discovery will therefore be stayed until Defendants have had the opportunity to address the defense of qualified immunity. If at a later date the court decides that some limited form of discovery is necessary in order to address the qualified immunity issue, the court will enter an appropriate order allowing for such limited discovery.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
May 22, 2008